O

# United States District Court
# Central District of California

| | |
|---|---|
| KEIR MILAN, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JPMORGAN CHASE BANK, N.A. et al.,<br><br>　　　　　Defendants. | Case № 2:24-cv-06323-ODW (MARx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT [19]** |

## I.　INTRODUCTION

Plaintiffs Keir Milan and Keirco, Inc. bring this putative class action for consumer protection violations and breach of contract against Defendant JPMorgan Chase Bank, N.A. ("Chase"). (First Am. Compl. ("FAC"), ECF No. 18.)  Chase now moves to dismiss Milan and Keirco's First Amended Complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss ("Motion" or "Mot."), ECF No. 19.) For the reasons below, the Court **GRANTS** Chase's Motion **WITH LEAVE TO AMEND**.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND[2]

On May 25, 2024, Chase acquired customer personal and business banking accounts from First Republic Bank ("FRB"). (FAC ¶ 5.) This included Milan's and Keirco's accounts. (*Id.*)

FRB and Chase each offer their own separate Bill Pay Services that allow their customers to set up future payments to be automatically deducted and sent from their accounts to designated payees. (*See id.* ¶¶ 6–9.) FRB customers "reasonably expected" that Chase's Bill Pay Service functioned similarly to FRB's Bill Pay Service when, in fact, the two services functioned "materially differently." (*Id.* ¶¶ 7, 14.) FRB's Bill Pay Service allowed customers to set up payments on future dates, where FRB would not withdraw funds from customers' accounts until the payee received the payment. (*Id.* ¶ 8.) Conversely, Chase's Bill Pay Service deducts funds from Chase customers' accounts five days before the date the payee receives the payment. (*Id.* ¶ 9.) According to Milan and Keirco, Chase concealed that funds are withdrawn from customer accounts prior to the transfer date set by the customer. (*Id.* ¶ 62.) By withdrawing funds earlier than the date the customer expects, Chase caused customer accounts to be underfunded and negatively impacted customers' financial standing. (*Id.*)

Chase's Digital Service Agreement ("DSA") governs the Bill Pay Service. (*Id.* ¶ 21; Ex. A ("DSA"), ECF No. 18-1.)[3] Nowhere in the DSA does Chase alert account holders that Chase will withdraw funds earlier than the customer's designated date (i.e., the date a customer designates a payee to receive payment). (FAC ¶ 28.)

Based on the above allegations, Milan initiated this class action on behalf of himself and all other persons similarly situated, and Keirco initiated this class action on behalf of itself and all other corporations similarly situated. (*Id.* at 1.) The proposed

---

[2] All facts are taken from Plaintiffs' First Amended Complaint unless otherwise noted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that well-pleaded allegations are accepted as true for purposes of a motion to dismiss).

[3] Plaintiffs reference two DSAs, one for business accounts and one for personal accounts. (*See* DSA.). The Court cites these two DSAs as one, as there is no alleged difference relevant to the pending Motion.

class includes all Chase clients enrolled in the Bill Pay Service, with a subclass consisting of Chase clients enrolled in the service while residing in California. (*Id.* ¶ 30.) On behalf of themselves and the class, Plaintiffs assert four causes of action: (1) violation of the Consumers Legal Remedies Act ("CLRA"), California Civil Code section 1770, *et seq.*; (2) violation of California's False Advertising Law ("FAL"), California Business and Professions Code section 17500, *et seq.*; (3) violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code section 17200, *et seq.*; and (4) breach of contract. (FAC ¶¶ 50–89.) Chase now moves to dismiss Plaintiffs' First Amended Complaint under Rule 12(b)(6). (Mot. 1.) The Motion is fully briefed. (Opp'n, ECF No. 20; Reply, ECF No. 21.)

### III.   LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the "minimal notice pleading requirements" of Rule 8(a)(2). *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Iqbal*, 556 U.S. at 678 (holding that a claim must be "plausible on its face" to avoid dismissal).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v.*

*Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and the "allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When a plaintiff's claims are fraud-based, Rule 9(b)'s heightened pleading requirements apply. *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989); *see also* 18 U.S.C. §§ 1341, 1343. Rule 9(b) provides, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." "A pleading satisfies Rule 9(b) if it identifies 'the who, what, when, where, and how' of the misconduct charged." *MetroPCS v. SD Phone Trader*, 187 F. Supp. 3d 1147, 1150 (S.D. Cal. 2016) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). The plaintiff must "set forth more than the neutral facts necessary to identify the transaction [and] must set forth what is false or misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (emphasis omitted).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear that any amendment could not save the complaint. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

## IV.   DISCUSSION

Chase moves to dismiss Plaintiffs' CLRA, FAL, and UCL causes of action for failing to allege fraudulent conduct under Rule 9(b)'s heightened pleading standard.[4]

---

[4] Chase moves to dismiss Plaintiffs' CLRA, FAL, and UCL causes of action on multiple grounds. (Mot. 13–19, 22–28.) As the Court dismisses these claims for Plaintiffs' failure to adequately plead these claims under Rule 9(b), the Court does not reach Chase's other arguments for dismissal.

(Mot. 19–22.) Chase also moves to dismiss Plaintiffs' breach of contract cause of action for failing to allege a breach of the DSA. (*Id.* at 28–29.)

### A.     CLRA (Count I)

In their first cause of action, Plaintiffs allege that Chase committed unfair or deceptive acts or practices to induce account holders like themselves to use the Bill Pay Service. (FAC ¶¶ 52–54.) The unfair or deceptive acts are based on Chase's nondisclosure of "the effect of utilizing the Bill Pay Service," which allegedly constitutes a "[mis]representation." (*Id.* ¶¶ 55–56.) Therefore, Plaintiffs allege, Chase violated the CLRA by "withhold[ing]" from "account holders that funds would be withdrawn from their accounts sooner than the account holder could have reasonably anticipated." (*Id.* ¶ 55.)

Chase moves to dismiss, arguing that Plaintiffs have not pleaded a claim of nondisclosure to Rule 9(b)'s heightened pleading standard. (Mot. 19–20.) Plaintiffs respond that their allegations are not based on an "alleged omission" but on the allegation that Chase "specifically promised and made representations" about the Bill Pay Service that were not true. (Opp'n 13.) Plaintiffs thus appear to disavow any omission or nondisclosure theory to support their allegations against Chase. This alone defeats Plaintiffs' CLRA cause of action because Plaintiffs' CLRA allegations are entirely based on a theory of omission and nondisclosure. (*See* FAC ¶¶ 50–58.)

Even without this concession, the Court still finds that Plaintiffs insufficiently pleaded this cause of action. The CLRA prohibits "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770(a). Specifically, the law makes illegal acts or practices that are "undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." *Id.* Conduct that is "likely to mislead a reasonable consumer" violates the CLRA. *Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 680 (2006) (quoting *Nagel v. Twin Labs., Inc.*, 109 Cal. App. 4th 39, 54 (2003)).

Rule 9(b) applies to claims for violations of the CLRA that are grounded in fraud. *Vess*, 317 F.3d at 1103. A claim concerning allegations of nondisclosure as false representation under California law sounds in fraud and is subject to Rule 9(b)'s heightened pleading standard. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s particularity requirement applies to [CLRA] state-law causes of action."); *see also Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997) (noting, under California law, that nondisclosure is considered a misrepresentation). To plead an actionable nondisclosure or omission under the CLRA, a plaintiff must show "the circumstances of [the] omission with specificity." *McIntyre v. Am. Honda Motor Co., Inc.*, 739 F. Supp. 3d 776, 799 (C.D. Cal. 2024). "[A] plaintiff must describe the content of the omission and where the omitted information should or could have been revealed, as well as provide representative samples of advertisements, offers, or other representations that [the] plaintiff relied on . . . ." *Id.*

Here, Plaintiffs fail to plead the specific circumstances necessary for an alleged omission or nondisclosure. (*See generally* FAC.) Plaintiffs only generally allege that Chase's "nondisclosure of the effect of utilizing the Bill Pay [S]ervice constitutes . . . a representation" and that Chase's continued withholding of information regarding the premature withdrawal of funds harmed them. (*Id.* ¶ 55.) Plaintiffs also allege that the "non-disclosure" of Chase's Bill Pay Service practice was "material" to a customer's decision to enroll. (*Id.* ¶ 56.) These allegations fall short of alleging the "circumstances of the omission with specificity." *See Eisen v. Porsche Cars N. Am., Inc.*, No. 2:11-cv-09405-CAS (FEMx), 2012 WL 841019, at *3 (C.D. Cal. Feb. 22, 2012). Notably, Plaintiffs fail to allege "where" Chase should have disclosed the effect of utilizing the Bill Pay Service, "what" "advertisements, offers, or other representations" Chase should have made or did make, and "how" Chase's representations regarding the effect of utilizing the Bill Pay Service should have been made to Plaintiffs. (*See generally* FAC); *Vess*, 317 F.3d at 1106 ("Averments of fraud must be accompanied by "the who, what, when, where, and how" of the misconduct charged." (quoting *Cooper v. Pickett*,

137 F.3d 616, 627 (9th Cir. 1997)). Plaintiffs' failure to allege these specific circumstances does not put Chase on notice of the misconduct charged against them. *See Moore*, 885 F.2d at 540 ("A pleading is sufficient under [R]ule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer from the allegations.")

As Plaintiffs fail to plead with the necessary specificity to state a cause of action based on a nondisclosure, the Court **DISMISSES** Plaintiffs' CLRA cause of action.

### B.  FAL (Count II)

In their second cause of action, Plaintiffs allege Chase violated the FAL by disseminating untrue and misleading statements about Chase's Bill Pay Service. (FAC ¶ 62.) Chase moves to dismiss, arguing that, as with the CLRA claim, Plaintiffs fail to plead the fraudulent conduct to Rule 9(b)'s heightened pleading standard. (Mot. 20.)

Under the FAL, it is "unlawful for a business to disseminate any statement which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1023–24 (N.D. Cal. 2011) (internal quotation marks omitted) (quoting *Ariz. Cartridge Remanufacturers Ass'n, Inc. v. Lexmark Int'l, Inc.*, 421 F.3d 981, 985 (9th Cir. 2005)). Courts have interpreted the statute "broadly to encompass not only advertising which is false, but also advertising which, although true, is either actually misleading or which has a capacity, likelihood, or tendency to deceive or confuse the public." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1162 (9th Cir. 2012) (cleaned up).

Plaintiffs allege that Chase represented to its customers that if customers use the Bill Pay Service to schedule a future transfer date, the available funds would not be deducted until that future date. (FAC ¶ 62.) Also, per Plaintiffs, Chase deceived customers by providing literature that relayed positive information regarding the Bill Pay Service and concealed material relevant information regarding these products. (*Id.*) Accordingly, Plaintiffs' FAL cause of action is based on a false representation and thus

1  must be pleaded with the particularity required by Rule 9(b). *See Davidson v.*
2  *Kimberly–Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (noting FAL causes of action
3  grounded in fraud must satisfy Rule 9(b)).

4        Plaintiffs do not satisfy Rule 9(b)'s heightened pleading standard. They
5  generally allege that Chase "represented" and provided "literature that relayed positive
6  information," but fail to point to any specified representation or document in which
7  Chase attempted to defraud or deceive Plaintiffs. (*See generally* FAC.) Plaintiffs fail
8  to show the "who, what, when, where, and how" the false representations were made.
9  *Vess*, 317 F.3d at 1106. They fail to allege "who" made the false representations that if
10 Chase customers use the Bill Pay Service and schedule a future transfer date, the
11 available funds would not be deducted until that future date. (*See* FAC ¶ 62.). Further,
12 even if the Court could infer the "what"—false representations regarding the Bill Pay
13 Service—there are no allegations showing with particularity "where" and "how" these
14 representations were made. (*See generally* FAC.) Lastly, Plaintiffs fail to describe or
15 point to any advertisements that include false representations about the Bill Pay
16 services. (*See id.*) In fact, Plaintiffs have not provided the Court with any
17 advertisements or allegations of specific advertisements from Chase regarding the Bill
18 Pay Service, let alone advertisements that include false or misleading information.

19       As Plaintiffs are aware, (*see* Opp'n 13), causes of action alleging fraud must be
20 "specific enough to give defendants notice of the particular misconduct . . . so that they
21 can defend against the charge and not just deny that they have done anything wrong."
22 *Kearns*, 567 F.3d at 1124 (alteration in original) (quoting *Bly-Magee v. California*,
23 236 F.3d 1014, 1019 (9th Cir. 2001)). Plaintiffs' FAL allegations fail to state with any
24 "particularity the circumstances" surrounding the representations made to them by
25 Chase. Fed. R. Civ. P. 9(b); *Kearns*, 567 F.3d at 1126 (dismissing a cause of action for
26 failing to plead the specific circumstances regarding representations made in
27 advertisements).

28

As Plaintiffs fail to satisfy the heightened standard of Rule 9(b), the Court **DISMISSES** Plaintiffs' FAL cause of action.

### C.     UCL (Count III)

The UCL prohibits "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. The statute provides a separate theory of liability under each of the three prongs: "unlawful," "unfair," and "fraudulent." *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1222 (C.D. Cal. 2012) (citing *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007)). Plaintiffs allege that Chase violated each of the UCL's unlawful, unfair, and fraudulent prongs. (FAC ¶¶ 71–80; Opp'n 17–19.)

*1.     Fraudulent Prong*

The allegations supporting Plaintiffs' cause of action for violation of the UCL's fraudulent prong are based on the same false representations as Plaintiffs' FAL cause of action. (*Compare* FAC ¶¶ 62 (alleging Chase falsely represented payments would not transfer until the designated date and that Chase concealed "material relevant" information regarding the Bill Pay Service while distributing positive literature), *with* FAC ¶ 77 (same).) Plaintiffs also allege that Chase's fraudulently misrepresented that, "should a bill be set to be paid at a future date, finances would not be taken from an account until that future date occurred" and that Chase failed to warn account holders that it would withdraw funds prior to the future set date. (*Id.* ¶ 78.)

This cause of action suffers from the same deficiencies as the FAL cause of action—failing to meet Rule 9(b)'s pleading requirements. First, Plaintiffs concede that their claims are not based on nondisclosure or omissions. (Opp'n 13 (noting Plaintiffs' fraud-based claims are not "claims based on an alleged omission" but on "specific[] promise[s]" and "representations").) Thus, to the extent Plaintiffs' claim is based on Chase's failure to warn, it is waived. (FAC ¶ 78.) Second, to the extent their claim is based on false representations, Plaintiffs do not allege "who" made the representations to Plaintiffs regarding the effect of using the Bill Pay Service, "where" these

representations were stated, and "how" they were made. (*See generally* FAC); *Vess*, 317 F.3d at 1106. Therefore, for the same reasons discussed above, the Court **DISMISSES** Plaintiffs' UCL claims based on the fraudulent prong.

### 2. *Unlawful Prong*

Plaintiffs argue that even if their UCL claim based on Chase's fraudulent conduct is dismissed, their UCL claim under the unlawful prong is still a separate basis for liability and should survive. (Opp'n 16–17.)

The UCL's unlawful prong "borrows violations of other laws and treats them as independently actionable." *Daugherty v. Am. Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 837 (2006). To state a claim under the unlawful prong, a plaintiff must plead a sufficient predicate violation. *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1097 (N.D. Cal. 2014); *see also People ex rel. Bill Lockyer v. Fremont Life Ins. Co.*, 104 Cal. App. 4th 508, 515 (2002) ("[V]irtually any state, federal or local law can serve as the predicate for an action under section 17200." (internal quotation marks omitted)). Where a plaintiff cannot sufficiently state a claim under the "borrow[ed]" law, they cannot state an unlawful prong claim either. *Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718 (2001); *see Daugherty*, 144 Cal App 4th at 837 (noting a plaintiff's UCL unlawful prong failed because the previously alleged CLRA cause of action was dismissed).

Plaintiffs' claim under the unlawful prong is predicated on the above-alleged violations of the CLRA and FAL. (FAC ¶ 74.) Thus, because Plaintiffs have failed to state a claim on their "borrowed" violations of the CLRA and FAL, they fail to state a claim under the UCL's unlawful prong. *Smith*, 93 Cal. App. 4th at 718 (holding the unlawful prong fails because their prior "borrowed" violations also fail). Accordingly, the Court **DISMISSES** Plaintiffs' UCL unlawful prong claim.

### 3. *Unfair Prong*

Plaintiffs argue that the UCL provides a separate basis for liability under the unfair prong. (Opp'n 16–18.)

"[W]here the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs," courts have held that "the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive." *Millam v. Energizer Brands, LLC*, No. 5:21-cv-01500-JWH (SHKx), 2022 WL 19001330, at *7 (C.D. Cal. Dec. 9, 2022); *Hinkle v. Home123*, No. 5:17-cv-02335-JGB (SHKx), 2018 WL 6112633, at *4 (C.D. Cal July 27, 2018); *see also In re Actimmune Mktg. Litig.*, No. C 08-02376 MHP, 2009 WL 3740648, at *14 (N.D. Cal. Nov. 6, 2009) (dismissing UCL unfair prong cause of action where "plaintiffs' unfair prong claims overlap entirely with their claims of fraud" and fail to satisfy Rule 9(b)'s pleading standards), *aff'd*, 464 F. App'x 651 (9th Cir. 2011).

Plaintiffs' UCL unfair prong allegations are identical to those asserted under the fraud and unlawful prongs. (FAC ¶¶ 71, 79; Opp'n 18 (arguing it is unfair to "lie to customers of [Chase's] business," referring to the same allegations supporting the CLRA, FAL, and UCL fraudulent prong claims).) As the Court has already dismissed Plaintiffs' claims under the fraudulent and unlawful prongs, the unfair prong claim also fails. *Millam*, 2022 WL 19001330, at *7.

Accordingly, the Court **DISMISSES** Plaintiffs' UCL claims under the unfair prong, and as a result, Plaintiffs' UCL cause of action in its entirety.

### 4. Breach of Contract (Count IV)

In the First Amended Complaint, Plaintiffs allege that Chase breached "specific terms" of the DSA by withdrawing funds prematurely. (FAC ¶ 87.) Chase moves to dismiss this cause of action, arguing that Plaintiffs fail to allege any specific terms that Chase breached. (Mot. 29.)

Unlike the fraud-based causes of action above, Plaintiffs' allegations for a breach of contract need only satisfy the standard pleading requirements of Rule 8(a)(2). *Porter*, 319 F.3d at 494. Under California law, a breach of contract claim has four elements: "(1) the existence of [a] contract, (2) plaintiff's performance or excuse for

nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Piedmont Cap. Mgmt., L.L.C. v. McElfish*, 94 Cal. App. 5th 961, 968 (2023) (alteration in original) (quoting *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011)). A plaintiff must "allege the specific provisions in the contract creating the obligation the defendant is said to have breached." *Dias v. Spartan Micro, Inc.*, No. 8:22-cv-00834-JVS (KESx), 2022 WL 17216820, at *4 (C.D. Cal. Sept. 14, 2022) (quoting *In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d 953, 978 (N.D. Cal. 2016)); *see also FPI Dev., Inc. v. Nakashima*, 231 Cal. App. 3d 367, 383 (1991) ("[P]laintiff must plead the existence of a contract, its terms which establish the obligation in issue . . . and the breach of that obligation.").

In support of their breach of contract claim, Plaintiffs refer generally to the DSA, which they attach to the First Amended Complaint. (FAC ¶ 87; DSA.) However, they fail to point to or even describe any specific term or portion of the DSA that Chase breached. (*See* FAC ¶¶ 86–89.) In their Opposition, Plaintiffs state that the First Amended Complaint "clearly lays out that [Chase] breached the Bill Pay services section of the DSA," (Opp'n 21), but tellingly, they do not cite any portion of the First Amended Complaint or DSA, (*see id.*). In fact, Plaintiffs' only allegation supporting a breach is that Chase "violated specific terms" of the DSA. (*Id.* ¶ 87.) This allegation is insufficient to survive a Rule 12(b)(6) motion to dismiss. First, this is a conclusory allegation that the Court will not blindly accept as true. *See Iqbal*, 556 U.S. at 681 (stating that the Court is not required to accept conclusory allegations as true). Second, Plaintiffs fail to point to any "specific terms" that created Chase's contractual obligation, and which Chase allegedly breached. *Dias*, 2022 WL 17216820 at *4 (finding a plaintiff did not establish a breach of contract claim because plaintiff failed to "refer to any specific language or provisions that [defendant] is said to have breached.").

As Plaintiffs fail to specifically allege Chase breached a term of DSA, the Court **DISMISSES** Plaintiffs' breach of contract cause of action.

## V.  CONCLUSION

For the above reasons, the Court **GRANTS** Defendants' Motion to Dismiss, (ECF No. 19), and **DISMISSES** Plaintiffs' First Amended Complaint, **WITH LEAVE TO AMEND** to add factual allegations to cure the above-noted deficiencies.

If Plaintiffs choose to amend, they must file their Second Amended Complaint by no later than **fourteen (14) days** from the date of this Order, in which case Chase shall answer or otherwise respond within **fourteen (14) days** of the filing. If Plaintiffs do not timely amend, this dismissal shall be deemed a dismissal with prejudice as of the lapse of the filing deadline.

**IT IS SO ORDERED.**

May 7, 2025

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**